## (June 27, 1961)

ANN MANN, Also Known as SHAINDEL MANN and SHAINDEL M. LIBMAN, Respondent, v. PAUL MANN, Also Known as YISROL P. M. LIBMAN, Appellant.

APPEAL from three orders of the Supreme Court at a Special Term, entered January 19, 1961, in New York County, which (1) granted a motion by plaintiff for an order confirming the report of a Referee which denied defendant's application for a reduction in alimony; (2) denied a motion by defendant for an order to disaffirm the Referee's report; and (3) granted a motion by plaintiff to enter judgment; and also from an order of the Supreme Court at a Special Term, entered April 10, 1961, which granted a motion by plaintiff for an order to punish defendant for contempt and denied defendant's motion to modify the decree.

*Per Curiam.* This is an appeal from four orders. The first order granted plaintiff's motion to confirm the Referee's report; the second order denied defendant's motion to disaffirm and reject the Referee's report; the third order directed the entry of a money judgment in favor of plaintiff in the sum of $4,335 for arrears. All of the orders were entered January 19, 1961. The fourth order, entered April 10, 1961, granted plaintiff's motion to punish defendant for contempt and denied defendant's cross motion to reduce the alimony and support payments.

For convenience the orders will be considered together.

The parties, formerly husband and wife, separated in 1957, and in a separation action brought by plaintiff $200 per week was awarded as temporary alimony and for the support of the couple's only child. Subsequently the plaintiff instituted an action for divorce and the two actions were consolidated for purposes of trial only. At the trial on September 4, 1958, defendant consented to pay $200 per week, of which $125 represented alimony and $75 support for the child.

On July 13, 1959, defendant moved for a reduction in alimony and support payments. The motion came on for argument, and was referred to an Official Referee to hear and report with respect to the defendant's financial status and ability to pay the amount theretofore awarded.

Hearings began on November 25, 1959, and were concluded on January 21, 1960. The report of the Referee, dated November 4, 1960, recommended a continuation of the amount previously awarded, and asserted that from the credible evidence the defendant's income was in excess of his income at the time of entry of judgment.

In the interval between the reference and the filing of the Referee's report the defendant, on January 26, 1960, without leave of the court, reduced his payments to $100 per week and has since continued to pay that sum.

Examination of the minutes of the hearing before the Referee reveals that there was a sharp drop in the defendant's gross income from a high of approximately $56,000 in 1957 to approximately $38,000 in 1959, and approximately $38,000–$39,000 in 1960. Defendant's net income ranged from a high of approximately $30,000–$31,000 in 1957, to approximately $15,000 in 1959, and a somewhat lower figure in 1960. The conclusion that defendant's income is in excess of his income at the time of the judgment is not warranted. This conclusion is reached in spite of the fact that some expenses listed seem unduly high.

Because of the substantial drop in the defendant's income a reduction is warranted. The plaintiff is allowed and the defendant is directed to pay to her the sum of $150 per week, of which $100 per week is alimony and $50 for the support of the child, effective January 21, 1960, the date of final submission to the Referee. This is without prejudice to any later application by the plaintiff for increased allowances should circumstance warrant or should she be so advised. The substantial change in the defendant's financial condition warrants a reduction.

Accordingly, the order appealed from, entered January 19, 1961, granting the plaintiff's application to confirm the Official Referee's report, is reversed on the law, the facts and in the exercise of discretion, without costs to either party.

The order appealed from, entered January 19, 1961, denying the defendant's application to disaffirm and reject the recommendations and report of the Official Referee, is reversed on the facts and in the exercise of discretion, and the motion granted, without costs to either party.

The order appealed from, entered January 19, 1961, directing the entry of a money judgment in favor of the plaintiff in the sum of $4,335, is modified to the extent of directing entry of judgment in the sum of $2,100 plus interest calculated on that sum from January 21, 1960, to the date of entry of such order, and is otherwise affirmed, without costs.

The order appealed from, entered April 10, 1961, granting plaintiff's motion to punish the defendant for contempt and denying defendant's cross motion to reduce alimony and support payments, is modified to the extent of striking the figure " $5,200 " and inserting therefor the figure $2,600 in the first and second ordering paragraphs; by striking the figure " $200 " in the third ordering paragraph and inserting therefor the figure $150; by striking the figure " $250 " in the fourth ordering paragraph and inserting therefor the figure $200; and the seventh ordering paragraph is modified by striking the words " be and the same hereby is denied", and inserting therefor the words " is granted to the extent and in the manner heretofore indicated." As so modified the order is otherwise affirmed, without costs.

McNALLY, J. P. (dissenting). I dissent and vote to affirm the four orders.

Appellant is an actor, director and teacher of acting and claims his sole source of income is derived from a school which he owns and conducts, known as Paul Mann Workshop, Inc. In July of 1959, 10 months after an award of alimony and maintenance of the child of the parties had been entered, appellant moved for a reduction on the ground that his income had decreased. As a result of that application four orders have been entered which are before us on appeal.

The record contains a comparative statement of income of Paul Mann Workshop, Inc., for the 10 months ending October 31 of the years 1959 and 1960. This statement discloses that appellant's gross income for the first 10 months of 1960 exceeds his income for the comparable period in 1959; that staff salaries were increased from $1,815 in 1959 to $6,503.75 in 1960; that legal and accounting fees in excess of $2,000 per year are deducted as an expense.

It is charged by respondent and not denied by appellant that the legal expenses incurred in the litigation are charged to the school corporation. Furthermore, for the 1960 period an item of $3,512.55 listed as " Theatre study tour" represents money allegedly expended on a business trip to Europe by appellant and his present wife. Another item entered for 1960 as depreciation in the sum of $335.49 is explained as a business expense although no such item appears for 1959. Moreover, appellant maintained substantial bank balances outside New York State.

The record amply sustains the orders appealed from.

Stevens, Eager and Steuer, JJ., concur in Per Curiam opinion; McNally, J. P., dissents and votes to affirm all four orders in opinion in which Bastow, J., concurs.

Order entered on January 19, 1961, granting the plaintiff's application to confirm the Official Referee's report, reversed on the law, on the facts and in the exercise of discretion, and the motion denied, without costs to either party.

Order entered on January 19, 1961, denying the defendant's application to disaffirm and reject the recommendations and report of the Official Referee, reversed on the facts and in the exercise of discretion, and the motion granted, without costs to either party. Order entered on January 19, 1961, directing the entry of a money judgment in favor of the plaintiff in the sum of $4,335, modified to the extent of directing entry of judgment in the sum of $2,100 plus interest calculated on that sum from January 21, 1960, to the date of entry of such order, and is otherwise affirmed, without costs. Settle order on notice. Order entered on April 10, 1961, granting plaintiff's motion to punish the defendant for contempt and denying defendant's cross motion to reduce alimony and support payments, modified to the extent of striking the figure "$5,200" and inserting therefor the figure $2,600 in the first and second ordering paragraphs; by striking the figure "$200" in the third ordering paragraph and inserting therefor the figure $150; by striking the figure "$250" in the fourth ordering paragraph and inserting therefor the figure $200; and the seventh ordering paragraph is modified by striking the words "be and the same hereby is denied", and inserting therefor the words "is granted to the extent and in the manner heretofore indicated." As so modified the order is otherwise affirmed, without costs. Settle order on notice.